UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON CHARLES J.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security<br>Administration,[2]<br><br>    Defendant. | Case No. 1:23-cv-00298-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of his applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. (Dkt. 1.) The matter is fully briefed and at issue. (Dkt. 15, 17, 18.) Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will reverse and remand the decision of the Commissioner for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley was sworn in as the Commissioner of Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley will be substituted as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On July 18, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, claiming disability beginning August 30, 2012. (AR 201 - 09.) At the time of the alleged disability onset date, Plaintiff was 31 years of age. (AR 1676.)

The application was denied initially and on reconsideration, and a hearing was conducted on November 9, 2016, before Administrative Law Judge (ALJ) Kyle Andeer. (AR 31 - 59.) After considering testimony from Plaintiff and a vocational expert, the ALJ issued a decision on January 27, 2017, finding Plaintiff had not been under a disability since August 2012. (AR 12 – 30.) Plaintiff timely requested review by the Appeals Council, which denied his request for review on September 15, 2017. (AR 1 – 6.) Plaintiff sought review of the final decision of the Commissioner in the United States District Court for the Central District of California. *Johnson v. Berryhill*, 2:17-cv-08361-AFM (C.D. Cal.). (AR 1237 – 40.) The parties stipulated to remand and the court entered an order of remand and judgment. (AR 1241 – 44.)

The Appeals Council ordered the ALJ to conduct further proceedings on remand. (AR 1247 – 50.) ALJ Henry Koltys conducted an oral hearing after remand on November 5, 2019. (AR 1176 – 1229.) On December 16, 2019, ALJ Koltys published an unfavorable decision. (AR 1280 – 1300.) ALJ Koltys found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that he could only occasionally reach overhead and occasionally handle/finger bilaterally. (AR 1287 – 88; 1837 – 38.) Considering the Plaintiff's RFC, age, education and work experience, and the

**MEMORANDUM DECISION AND ORDER  - 2**

testimony of the vocational expert ("VE"), ALJ Koltys found that Plaintiff "would have been able to perform the requirements of representative occupations such as: usher, furniture rental clerk, and host greeter." (AR 1293.) (cleaned up).

Plaintiff again timely requested review by the Appeals Council, which declined to assume jurisdiction on October 29, 2020. (AR 1141 – 47.) Plaintiff sought review of the final decision in this Court. *Johnson v. Kijakazi*, 1:20-cv-00592-CWD (D. Idaho Sept. 8, 2021). (AR 1732 – 34.) The parties stipulated that the matter be remanded, and that on remand, the Agency will:

1. Obtain supplemental evidence from a vocational expert;
2. Take any further action needed to complete the administrative record; and
3. Issue a new decision.

(AR 1736.) The Court approved the parties' stipulation, ordered that the matter be reversed and remanded for further proceedings, and entered judgment in favor of Plaintiff. (AR 1736 – 39, 1735.)

The Appeals Council remanded the matter for a third hearing. (AR 1746 – 49.) The Appeals Council specifically ordered the ALJ to resolve the following issue:

> Further evaluation of the Step 5 finding is warranted. At the hearing, the Administrative Law Judge posed a hypothetical question for a range of light work (Transcript of oral hearing dated November 5, 2019 (Transcript), pages 34-35). The vocational expert testified that the claimant could perform work as an usher, a furniture rental clerk and a host greeter (*Id*. page 35). The decision relied on this testimony and the jobs cited to deny the claim (Decision, pages 11-12). The decision failed to note, however, that the vocational expert also testified that the jobs cited required standing and walking for the full 8-hour day (Transcript, pages 42-43). This finding appears to conflict with the definition of light work cited in

**MEMORANDUM DECISION AND ORDER  - 3**

> the decision, which generally means standing and walking for at most 6 hours in an 8-hour day (Decision, pages 5-6, *citing* 20 CFR 404.1567(b)). As such, it is not clear that the claimant could perform the standing and walking requirements of the jobs cited. Therefore, remand is necessary to allow the Administrative Law Judge the opportunity to clarify the step five determination.

(AR 1748.)[3] The Appeals Council further directed the ALJ to obtain updated evidence concerning Plaintiff's impairments to complete the administrative record, "if necessary;" and, obtain supplemental evidence from a VE. (AR 1749.)

ALJ Willis conducted a telephonic hearing on May 24, 2022, and heard testimony from Plaintiff and VE Karen Black. (AR 1687 – 1730.) The ALJ published an unfavorable decision on July 29, 2022. (AR 1662 – 1686.) Plaintiff timely requested review by the Appeals Council, which denied his request on April 25, 2023. (AR 1655 – 61.)

Plaintiff timely appealed the Commissioner's decision to the Court on April 21, 2023. (Dkt. 1.) The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have the power to enter…a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court must uphold

---

[3] The VE testified that a person who could not stand and walk for the entire 8-hour workday could not perform the work of an usher, host greeter, or furniture rental clerk. (AR 1845 – 46.)

**MEMORANDUM DECISION AND ORDER - 4**

the ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id.*

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id.*

## THE ALJ'S ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step[4] sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of August 30, 2012, through his date last insured of December 31, 2017. (AR 1668.)

At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: "degenerative disc disease (cervical spine), bilateral shoulder osteoarthritis, right wrist DeQuervain's disease, obstructive sleep apnea, and obesity." (AR 1668.) The ALJ found Plaintiff's irritable bowel syndrome, sciatica, anxiety and affective disorder non-severe. (AR 1668.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which met or were medically equal to a listed impairment. (AR 1670 - 1671.) The ALJ indicated he considered the listings pertaining to musculoskeletal disorders, joint disorders, and chronic respiratory disorders. (AR 1670.)

---

[4] *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013), sets forth the five-step review process as follows: "The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v)."

**MEMORANDUM DECISION AND ORDER  - 6**

At step four, the ALJ concluded that Plaintiff retained the RFC to perform light work[5] as defined in 20 C.F.R. § 404.1567(b), with the following exceptions:

> [h]e could frequently reach overhead, handle and finger, and he needed to avoid concentrated exposure to work at unprotected heights, work around machinery or vibration, or work in extreme cold.

(AR 1671.)

The ALJ found that Plaintiff was unable to perform his past relevant work as a garbage collector or garbage collector driver. (AR 1676.) Relying upon testimony from the VE, the ALJ found at step five that jobs exist in significant numbers in the national economy that Plaintiff could perform given his age, education, work experience, and RFC, such as: office helper, mail clerk, and counter retail clerk. (AR 1677.) The ALJ therefore determined that Plaintiff had not been under a disability at any time from August 30, 2012, the alleged onset date, through December 31, 2017, the date last insured. (AR 1677.)

---

[5] The Dictionary of Occupational Titles defines light work as follows:

> Light Work - Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

Dictionary of Occupational Titles Appendix C-Components of the Definition Trailer, 1991 WL 688702. The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. SSR 83-10, *available at* 1983 WL 31251.

**MEMORANDUM DECISION AND ORDER - 7**

## DISCUSSION

Plaintiff raises the following issues on appeal:

1.  Whether the ALJ erred by failing to follow the District Court's mandate on remand;

2.  Whether the ALJ erred in his evaluation of the medical opinions rendered by Drs. Cocchiarella and Brooks; and,

3.  Whether the ALJ erred in his evaluation of Plaintiff's subjective symptom testimony.

Because of these errors, Plaintiff contends the RFC was not supported by substantial evidence. Plaintiff further asserts that the Court should credit Plaintiff's testimony as true, and remand for an award of benefits. Plaintiff raises no further issues on appeal.

**1.    The District Court Mandate**

Plaintiff contends that the ALJ violated the rule of mandate in the third administrative hearing by reevaluating his RFC. Plaintiff argues that the mandate limited the ALJ to making factual findings at step five of the sequential evaluation process based on the RFC previously assessed in both prior determinations, in accord with the Commissioner's stipulation and the Court's order. Pl.'s Mem. at 9. (Dkt. 15.) Plaintiff's argument implies also that the ALJ violated the law of the case doctrine, because the Plaintiff's RFC had already been determined by two prior ALJ's.

The law of the case doctrine and the rule of mandate apply in the social security context. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The law of the case doctrine

**MEMORANDUM DECISION AND ORDER - 8**

generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Stacy*, 825 F.3d at 567 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). The doctrine should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust. *Id.* (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)). The Court's discretionary decision to apply the law of the case doctrine is reviewed for abuse of discretion. *Hall*, 697 F.3d at 1067.

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *Stacy*, 825 F.3d at 567 – 68 (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). The rule of mandate provides that an ALJ that has received the mandate of an appellate court "cannot vary or examine that mandate for any purpose other than executing it." *Id.* at 568 (quoting *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). *See also Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."). The ALJ may, however, "decide anything not foreclosed by the mandate" and may reexamine any issue on remand that is not inconsistent with the mandate. *Stacy*, 825 F.3d at 568. But the ALJ commits "jurisdictional error" if he or she takes actions that contradict the mandate. *Id.* Indeed, reversal is warranted when the ALJ's decision exceeds the scope of or contravenes the Court's remand order. *Almarez v. Astrue*, No. EDCV 09-00140-MAN, 2010 WL 3894646, at *3 (C.D. Cal. Sept. 30, 2010). The United States Court of Appeals for the

**MEMORANDUM DECISION AND ORDER - 9**

Ninth Circuit has explained the interrelationship between the doctrine of the law of the case and the rule of mandate succinctly: "When acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case[.]" *See Vizcaino v. United States District Court*, 173 F.3d 713, 719 (9th Cir. 1999).

As set forth above, the Court's remand order required the Agency to obtain supplemental evidence from a VE, and take any further action to complete the administrative record. (AR 1739.) The Appeals Council clarified that the remand was limited to "further evaluation of the Step 5 finding" because the VE testified that the jobs of usher, furniture rental clerk, and host greeter required standing and walking for the full 8-hour day, which finding appeared to conflict with the definition of light work. (AR 1748.) Remand was necessary because it was "not clear that the claimant could perform the standing and walking requirements of the jobs cited." (AR 1748.)

The Appeals Council ordered the ALJ to:

> If necessary, obtain updated evidence concerning the claimant's impairments in order to complete the administrative record….[and]
>
> obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base….The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole….[B]efore relying on the vocational expert evidence, the [ALJ] will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the [DOT] and its companion publication, the Selected Characteristics of Occupations….

(AR 1749.) Thus, the remand order limited the ALJ's review to a single issue – the prior ALJ's step-five reliance on VE testimony that appeared to conflict with the DOT. The

**MEMORANDUM DECISION AND ORDER  - 10**

order did not disturb the RFC finding limiting Plaintiff to light work and occasional overhead reaching, handling and fingering.

Defendant argues that the evidence on remand was substantially different because Plaintiff and a VE each provided new testimony, and over 300 pages of new evidence was received; therefore, Defendant contends the law of the case doctrine cannot justify a remand. Def.'s Brief at 2. (Dkt. 17.) The Court has examined the transcripts of the 2016, 2019, and 2022 hearings, and finds Defendant's argument unpersuasive. Plaintiff's testimony concerning his physical limitations related to walking, standing, reaching, and grasping is substantially the same.[6] The VE was asked similar hypothetical questions during the 2022 hearing compared to the 2019 hearing. (AR 1209 – 1221, 1709 – 1727.) The new evidence introduced into the record at the 2022 hearing consisted of medical records for treatment received between January 1, 2019, and May 27, 2022, after the date last insured. (AR 1690, 2079 – 2347.)[7] ALJ Willis acknowledged that the relevant time period medically was between the alleged onset date, August 30, 2012, and the date last insured, December 31, 2017, unless medical treatment records related back to that time period. (AR 1692.) The ALJ's written opinion notes that the additional medical records received related to 2019 or later, and were thus minimally probative of Plaintiff's functional abilities during the relevant time period. (AR 1674.)

---

[6] At the 2022 hearing, Plaintiff's attorney referred ALJ Willis to the two prior hearing transcripts, explaining that the prior testimony would be the "best testimony…prior to the date last insured." (AR 1694, 1699.)

[7] The ALJ admitted Exhibits 1A – 20A, 1B – 32B, 1D – 19D, 1E – 24E and 1F – 29F. (AR 1690.) Exhibit 30F was submitted on June 1, 2022, reflecting treatment received between October 7, 2021 – May 27, 2022. (AR 2330 – 2347.)

**MEMORANDUM DECISION AND ORDER - 11**

This case is therefore distinguishable from *Stacy*, where the appellate court upheld the district court's determination that the law of the case doctrine did not apply. *Stacy*, 825 F.3d at 567. The second ALJ in *Stacy* heard new evidence from the claimant about his job functions, leading the VE to conclude, for the first time, that the claimant could perform his past relevant work. *Id.* The court concluded that the ALJ in *Stacy* properly considered this new, highly probative testimony about the claimant's ability to perform his past relevant work, and the ALJ made a new finding supported by that testimony. *Id.* Here, in contrast, no new probative evidence was received into evidence. Moreover, Defendant failed to point to any discussion of this supposedly new evidence by ALJ Willis in his written decision, nor could the Court find any such discussion. Def.'s Brief at 2. (Dkt. 17.)

Alternatively, Defendant argues that if the doctrine does apply, the Court's order did not preclude the ALJ's actions here because the Court's order permitted the ALJ to take "any further action necessary to complete the record." *Id.* Defendant again compares this case to *Stacy*, arguing the "expansive remand order" did not preclude the ALJ from taking new evidence relevant to Plaintiff's RFC. Once more, the Court is not persuaded. The Court's order, while not specifically referring to step five of the sequential process, expressly stated that the ALJ must obtain supplemental evidence from a VE. An ALJ may utilize VE testimony at steps four and five of the sequential process—the VE provides an opinion at step four whether the claimant can perform their past work, and if not, the VE is asked at step five to identify other occupations that the claimant can perform given the claimant's RFC. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 12**

2014) ("The RFC is used at step four to determine if a claimant can do past relevant work and at step five to determine if a claimant can adjust to other work."); *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (at step five, the ALJ can call upon a VE to testify as to what jobs the claimant, given his RFC, would be able to do). Here, there has never been any challenge to the step four finding that Plaintiff could not perform his past relevant work as a garbage collector driver and garbage collector. (AR 1676.) Thus, in the context of this case, the Court's order specifically referred to VE testimony at step five.

Although the remand order permitted the taking of additional evidence, nothing in the order of remand suggested that granting the parties' stipulation in this limited regard concurrently gave the ALJ leave to conduct *de novo* proceedings. *Holst v. Bowen*, 637 F.Supp. 145, 145 n.1 (E.D. Wash. 1986). The remand stipulation that the parties proposed to the Court followed ALJ Kolty's 2019 decision, which held that Plaintiff had met his burden of proof as to steps one through four of the sequential process, but was not disabled at step five. The stipulation nowhere indicated that remand was necessary to enable the ALJ to revisit any of the findings made in steps one through four of the second decision. Rather, the stipulation provided only that remand was necessary for the ALJ to obtain additional evidence from a VE, ostensibly at step five in light of the prior proceedings.

Moreover, as discussed above, no new evidence was received relevant to Plaintiff's RFC. Plaintiff's attorney referred ALJ Willis to Plaintiff's prior testimony given during the 2016 and 2019 hearings, and Plaintiff provided minimal testimony

**MEMORANDUM DECISION AND ORDER - 13**

during the 2022 hearing. Nothing about Plaintiff's testimony concerning his physical limitations changed, and no new medical evidence pertinent to the relevant time period was received.

Furthermore, the Appeals Council's order was explicit. The order referenced the conflict between the VE's testimony and the DOT concerning the three jobs the VE identified at step five. When there is an apparent conflict between the VE's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (citing *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007)). The ALJ must ask the expert to explain the conflict and "then determine whether the vocational expert's explanation for the conflict is reasonable" before relying on the expert's testimony to reach a disability determination. *Id.* (quoting *Massachi*, 486 F.3d at 153 – 54.) That is precisely what the ALJ was asked, and failed, to do here. Instead, ALJ Willis, relying upon the same evidence as ALJ Koltys, ignored the mandate of the Court, and determined that this evidence supported a less restrictive RFC.

Essentially, what Defendant argues is that the Court did not limit the ALJ to the previous RFC, but instead gave the Commissioner broad latitude to correct the step five error. Put another way, Defendant contends that the ALJ was free to reevaluate the facts in evidence absent any restrictions by the Appeals Council in its remand order. This argument is unpersuasive as well.

**MEMORANDUM DECISION AND ORDER  - 14**

"[T]he rule of mandate encompasses issues both expressly and impliedly resolved on appeal." *Gilreath v. Berryhill*, No. EDCV 16-02037-JEM, 2017 WL 4564707, at *6 (C.D. Cal. Oct. 10, 2017). As one court explained:

> Th[is] point is particularly important in Social Security appeals because a district court is never called upon to address issues resolved in the claimant's favor; the claimant obviously cannot challenge such determinations, and the Commissioner cannot challenge them because they were made by him (or his delegate) in the first place…[I]t follows from this procedural anomaly that when a district court passes judgment on, for example, an ALJ's step-five determination, it has implicitly affirmed the determinations at all prior steps.

*Almarez v. Astrue*, No. EDCV 09-00140-MAN, 2010 WL3894646, at *4-5 (C.D. Cal. Sept. 30, 2010) (quoting *Calderon v. Astrue*, 683 F.Supp.2d 273, 276 (E.D.N.Y. 2010)).

Like *Almarez*, ALJ Kolty's favorable findings, namely the RFC determination (AR at 1784 - 85), were not appealed and thus were not disturbed by the remand order. *See Almarez*, 2010 WL3894646, at *6. ALJ Willis was therefore "not authorized to revisit [Plaintiff's RFC] in toto, much less to render a new RFC finding that was less favorable to [P]laintiff." *Id.*; *Daniel v. Colvin*, No. CV 15-3397 JC, 2016 WL 1039166, at *5 (C.D. Cal. Mar. 10, 2016) (finding ALJ erred in "assessing plaintiff with a much less restrictive [RFC] than" prior ALJ when remand was based "on very narrow grounds-i.e., because substantial evidence did not support the [f]irst ALJ's non-disability determination at step five"); *e.g., Sanchez v. Astrue*, No. 1:11-cv-00254-SKO, 2012 WL 3704756, at *13-14 (E.D. Cal. Aug. 27, 2012) (finding second ALJ violated law of the case and rule of mandate in failing to comply with district court's remand directions). Here, the Appeals Council, through its remand order, explicitly remanded the matter to

**MEMORANDUM DECISION AND ORDER - 15**

the ALJ to address the conflict between the VE's testimony and the DOT at step five, and thus, it limited the pertinent issue for determination on remand to this issue, consistent with the Court's order to obtain supplemental evidence from a VE.

The Court therefore finds that the ALJ, by modifying Plaintiff's RFC to remove previously imposed manipulative limitations, violated the law of the case doctrine and exceeded the scope of the mandate and the Appeals Council's order of remand by reconsidering the RFC made in the 2019 decision.[8]

## 2. Remand for an Award of Benefits

Plaintiff asks the Court to reverse and award benefits considering the Commissioner has not issued a decision that satisfies the Commissioner's burden of proof at step five after three attempts. Pl.'s Brief at 17. (Dkt. 15.)

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g). The determination whether to remand for further proceedings or for payment of benefits lies within the discretion of the Court. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.

---

[8] Because the Court finds reversal is warranted, the Court declines to adjudicate Plaintiff's separate claims of error regarding the ALJ's evaluation of the physician opinions and Plaintiff's subjective complaints. *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we reverse, we do not reach the other arguments raised."); *see also Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (same); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

**MEMORANDUM DECISION AND ORDER - 16**

1989). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Generally, an award of benefits is directed when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1998).

Here, the ALJ failed to correct the error at step five of the sequential evaluation process. Although the third VE was substantially in accord with the second VE concerning the jobs available to an individual limited to light work and occasional reaching, handling, and fingering, she did not resolve the apparent conflict between the DOT and the relevant hypothetical. When subject to questioning by Plaintiff's attorney at the 2022 hearing, the third VE agreed that an usher working full time would be expected to be on his feet for 7.5 hours each day. (AR 1721, 1719.) The third VE was not specifically asked, however, about the apparent conflict with the DOT and the standing and walking requirements of light work with regard to the three occupations she identified.

**MEMORANDUM DECISION AND ORDER - 17**

Due to the unfathomable delay of more than ten years in the adjudication of Plaintiff's disability application, the Court was tempted to remand the case with instructions that benefits be immediately awarded notwithstanding the fact that all the factors of the credit as true doctrine are not satisfied. However, because the issue of the apparent conflict with the DOT with regard to the occupations identified must be resolved before determining the existence of a disability, the Court cannot conclude that further administrative proceedings would serve no useful purpose or that a review of the record gives rise to no serious doubt that Plaintiff is in fact disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1022 – 23 (9th Cir. 2014). However, the Court is not without some recourse, and will direct the ALJ to expedite the remainder of the proceedings in this case so as to avoid any further delay.

## CONCLUSION

For the foregoing reasons, this matter is reversed and remanded consistent with the Court's memorandum opinion and order.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1) The decision of the Commissioner of Social Security is **REVERSED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion. Specifically, the ALJ is to correct the error at step five of the sequential evaluation process based upon the 2019 RFC assessed by ALJ Koltys. The ALJ will obtain supplemental evidence from a vocational expert, and must identify and resolve any potential conflicts between the occupational evidence provided by the vocational expert and the information in Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations.

3) The Commissioner is further **ORDERED** to direct the ALJ to expedite the prompt and speedy adjudication of Plaintiff's disability application with due regard to the ruling and instructions provided herein.

4) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: August 12, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge